Case No. 24-3371

---

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

_____

**KENNETH BANKS,**
**Plaintiff-Appellant,**

v.

**FOUNDATION AUTOMOTIVE CORP.,** *et al.*
**Defendants-Appellees**

_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO CASE NO. 1:20-CV-02026

## BRIEF OF APPELLEES FOUNDATION AUTOMOTIVE CORPORATION; FOUNDATION AUTO HOLDINGS, LLC; KEVIN KUTSCHINSKI; CHUCK KRAMER; MOTORCARS HONDA; CHARLES GILE; AND TREVOR GILE

_____

Matthew C. Miller (0084977)
Robert A. Poklar (0015685)
**WESTON HURD LLP**
1300 East 9th Street, Suite 1400
Cleveland, OH 44114-1862
(216) 241-6602 / (216) 621-8369 (fax)
mmiller@westonhurd.com
rpoklar@westonhurd.com

*Counsel for Appellees*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 6th Cir. R. 26.1, Defendant-Appellees, Foundation Automotive Corp., Foundation Auto Holdings, LLC, and Motorcars Honda, make the following disclosures:

1. Is said party a subsidiary or affiliate of a publicly owned corporation?

No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

No.

*/s/Matthew C. Miller*
*One of the Attorneys for Appellees*

i

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ............................................i

TABLE OF CONTENTS ...........................................................ii

TABLE OF AUTHORITIES..........................................................v

STATEMENT WITH RESPECT TO ORAL ARGUMENT......................1

JURISDICTIONAL STATEMENT .........................................................1

STATEMENT OF THE ISSUES..............................................................1

STATEMENT OF THE CASE ................................................................2

    I.    Procedural History .............................................................2

    II.    Summary ...........................................................................3

    III.    Factual Background.............................................................5

        A.    Foundation's acquisition and operation of Motorcars' Toyota and Honda dealerships. ......................5

        B.    Foundation's recruitment and hiring of Banks. ..............6

        C.    Banks cannot complete the required equity investment and does not submit information required Honda and Toyota. ................................8

        D.    Banks informs Foundation of his MS diagnosis, but never requests an accommodation. ............................9

        E.    Foundation terminates Banks' employment. ..................10

SUMMARY OF THE ARGUMENT .........................................................11

ARGUMENT ...................................................................................12

    I.    Standard of Review ...........................................................12

    II.    Disability Discrimination under Ohio Rev. Code § 4112.02 .14

        A.    Disability Discrimination Failure to Accommodate ...............................................................15

1.    Banks' *prima facie* case of disability discrimination based on failure to accommodate fails because he cannot establish that he has a disability ................15

2.    Banks' *prima facie* case of disability discrimination based on failure to accommodate fails because he cannot establish that Appellees knew or had reason to know of his disability. ................20

3.    Banks' *prima facie* case of disability discrimination based on failure to accommodate fails because he did not request an accommodation. ................21

4.    Banks' *prima facie* case of disability discrimination based on failure to accommodate fails because Foundation granted his request for a modified schedule. ................22

B.    Disability Discrimination Wrongful Termination of Employment ................23

1.    Banks' prima facie case of adverse action disability discrimination fails because he cannot establish that he has a disability. ................24

2.    Banks' *prima facie* case of adverse action disability discrimination fails because he cannot establish that Appellees knew or had reason to know of his disability. ................24

3.    Appellees have legitimate, nondiscriminatory reasons for the termination of Banks' employment. ................24

III.    Retaliation under Ohio Rev. Code § 4112.02 ................25

    A.    Banks' *prima facie* case of retaliation fails because he cannot establish that he engaged in protected activity......................................................................26

    B.    Appellees have legitimate, nonretaliatory reasons for the termination of Banks' employment.....................28

IV.   Aiding and Abetting Disability Discrimination under Ohio Rev. Code § 4112.02(J)........................................................28

CONCLUSION ...............................................................................30

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT ...........................................................................................31

ADDENDUM..................................................................................32

CERTIFICATE OF SERVICE........................................................33

iv

# TABLE OF AUTHORITIES

Cases                                                                                                    Page

*Barreca v. Travco Behavioral Health, Inc.*,
   2014 WL 3734186 (Ohio App. 11th Dist. July 28, 2014) ................ 4, 15

*Bell v. Beightler*,
   10th Dist. No. 02AP-569, 2003 Ohio 88 .............................................. 14

*Brenneman v. MedCentral Health Sys.*,
   366 F.3d 412 (6th Cir. 2004) ............................................................... 15

*Chicago Title Ins. Corp. v. Magnunson*,
   487 F.3d 985 (6th Cir. 2007) ............................................................... 13

*Fitzmaurice v. Great Lakes Computer Corp.*,
   155 Ohio App.3d 724, 2004-Ohio-235, 803 N.E.2d 854 (8th Dist.) ...... 16

*Gross v. FBL Fin. Servs., Inc.*,
   557 U.S. 167 (2009) .................................................................... 24, 26

*Hall v. Crawford Cty. Job & Family Servs.*,
   2022-Ohio-1358, 188 N.E.3d 1138 (3d Dist. Ct. App.) ......................... 27

*Hood v. Diamond Prods.*
   658 N.E.2d 738 (Ohio 1996) ......................................................... 17, 19

*Hubbell v. FedEx SmartPost, Inc.*,
   933 F.3d 558 (6th Cir. 2019) ............................................................... 26

*Maira v. Sti-Co Industries*,
   W.D.N.Y. No. 1-20-cv-00447, 2021 U.S. Dist. LEXIS 36001,
   (Feb. 24, 2021) ................................................................................... 22

*Martcheva v. Dayton Board of Education*,
   2nd Dist. Montgomery, 2021-Ohio-3524, 179 N.E.3d 687 .................... 5

*McDonald v. UAW-GM Ctr. for Human Res.*,
    738 F. App'x 848 (6th Cir. 2018) ........................................................15

*McGriff v. Beavercreek City Sch. Dist.*,
    No. 3:18-cv-372, 2021 U.S. Dist. LEXIS 109334
    (S.D. Ohio June 10, 2021) ............................................................ 18, 19

*Morrissey v. Laurel Health Care Co.*,
    946 F.3d 292 (6th Cir. 2019) ............................................................18

*Ondo v. City of Cleveland*,
    795 F.3d 597 (6th Cir. 2015) ............................................................13

*Penny v. UPS*,
    128 F.3d 408 (6th Cir. 1997) ............................................................21

*Robinson v. Shell Oil Co.*,
    519 U.S. 337 (1997) ..........................................................................27

*Salekin v. McDonough*,
    No. 3:21-cv-00107, 2023 U.S. Dist. LEXIS 151121,
    (M.D. Tenn. Aug. 28, 2023) ..............................................................21

*St. Mary's Honor Ctr. v. Hicks*,
    509 U.S. 502 (1993) .................................................................... 23, 26

*Tompkins v. Crown Corr, Inc.*,
    726 F.3d 830 (6th Cir. 2013) ............................................................13

*Vaughn v. Lawrenceburg Power Sys.*,
    269 F.3d 703 (6th Cir. 2001) ............................................................13

*Weinrauch v. Sherwin-Williams Co.*,
    N.D.Ohio No.1:18-cv-01696, 2019 WL 3007031
    (July 10, 2019) ...................................................................................5

*Whitfield v. Tennessee,*
   639 F.3d 253 (6th Cir. 2011) ...............................................................23

*Woolf v. City of Streetsboro,*
   No. 5:09 CV 1570, 2010 U.S. Dist. LEXIS 110446
   (N.D. Ohio Oct. 18, 2010) ...................................................................29

## Statutes

28 U.S.C. § 1291 ......................................................................................1
28 U.S.C. § 1332(a) ..................................................................................1
28 U.S.C. § 1332(a)(1) ..............................................................................2
Ohio Rev. Code § 4112(A) .........................................................................4
Ohio Rev. Code § 4112.01(A)(13) .............................................................15
Ohio Rev. Code § 4112.01(A)(16)(a)(iii ....................................................16
Ohio Rev. Code § 4112.02.............................................................2, 14, 15, 25
Ohio Rev. Code § 4112.02(I) ....................................................................27
Ohio Rev. Code § 4112.02(J) ...................................................................28

## Rules

Fed. R. Civ. P. 54(b) ................................................................................1
Fed. R. Civ. P. 56(a) ...............................................................................13

## STATEMENT WITH RESPECT TO ORAL ARGUMENT

Appellees do not think the merits are particularly close and submit that the oral argument is not necessary. If, however, this Court grants Banks' request for oral argument, Appellees would like the opportunity to present oral argument in response.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. § 1332(a) because of the parties' diverse citizenship. This Court purportedly has jurisdiction under 28 U.S.C. § 1291. Appellees do not believe that the district court's Memorandum Opinion and Order (R. 56) ("MSJ Order") is a final order because the remaining breach of contract claim was remanded back to state court and is currently set for trial, and the district court did not certify the judgment as final pursuant to Fed. R. Civ. P. 54(b).

## STATEMENT OF THE ISSUES

1.     Whether the district court erred in determining that there was no genuine dispute as to any material fact and granting summary judgment in favor of Appellees with respect to Banks' disability discrimination claims.

1

2.     Whether the district court erred in determining that there was no genuine dispute as to any material fact and granting summary judgment in favor of Appellees with respect to Banks' retaliation claims.

3.     Whether the district court erred in determining that there was no genuine dispute as to any material fact and granting summary judgment in favor of Appellees with respect to Banks' aiding and abetting claims.

## STATEMENT OF THE CASE

### I.     Procedural History

Plaintiff-Appellant Kenneth Banks filed his Complaint in the Cuyahoga County Court of Common Pleas on July 22, 2020. Defendants-Appellees removed the case to the U.S. District Court, Northern District of Ohio on September 9, 2020 pursuant to 28 U.S.C. § 1332(a)(1). Banks subsequently filed an Amended Complaint (R. 9) asserting the following claims: (I) breach of contract; (II) promissory estoppel; (III) unjust enrichment; (IV) disability discrimination under Ohio Rev. Code § 4112.02; (V) retaliation under Ohio Rev. Code § 4112.02; (VI) aiding and abetting disability discrimination under Ohio Rev. Code § 4112.02, and (VII) fraud.

2

On March 28, 2024, the district court granted Defendants-Appellees' motion for summary judgment in part, dismissing all claims, except the breach of contract claim arising under the temporary terms of the pay plan contract. (MSJ Order, R. 56). The district court remanded that sole claim to the Cuyahoga County Court of Common Pleas, as it no longer had diversity jurisdiction because the amount in controversy no longer meets the $75,000 threshold. (*Id*.; Judgment Entry, R. 57). Banks filed his Notice of Appeal on April 30, 2024 (R. 60), appealing the summary judgment decision as to Counts IV, V, and VI.

## II.   Summary

The district court correctly held that Banks failed to establish that he was disabled. Plain and simple. There is no record evidence to support Banks' disability claims. Banks relies solely on his self-serving, and often contradictory, testimony to further his allegations.

There is no evidence of discrimination. On the one hand, Banks purports that he was denied a reasonable accommodation for a disability under Ohio law (i.e., multiple sclerosis) and was then terminated as retaliation when he requested adjustments in his working hours. (Amended Complaint, R. 9, PageID 88, 90). On the other hand, the

3

uncontroverted evidence proves that (i) Banks was not disabled; (ii) he never requested an accommodation because of his MS; and (iii) he was never denied an adjustment to his working hours. Accordingly, this Court should affirm.

The law plainly provides that a person will only be disabled when he or she has a mental or physical impairment that substantially limits at least one major life activity. *Barreca v. Travco Behavioral Health, Inc.*, 2014 WL 3734186, at *3 (Ohio App. 11th Dist. July 28, 2014) (citation omitted). As such, a physical impairment alone may not necessarily constitute a disability. *Id.*, at *4 (citation omitted).

As noted by the district court, "*Barreca* presents the highly analogous case of a plaintiff invoking Ohio Rev. Code § 4112(A) in a disability claim centered on her having MS." (MSJ Order, R. 56, PageID 944). *Barreca* granted summary judgment to the defendant because the plaintiff admitted that she did not have any limitations or substantial impairments due to the MS. Notwithstanding the district court's significant reliance on *Barreca* in its summary judgment order (*Id.*), Banks completely ignores *Barreca* in his opening brief.

In addition to his disability and retaliation claims, Banks also alleges aiding and abetting. This claim fails as a matter of law because Banks cannot establish that he had a disability and was subjected to disability discrimination. *Martcheva v. Dayton Board of Education*, 2nd Dist. Montgomery, 2021-Ohio-3524, 179 N.E.3d 687, ¶74-76 (citing *Weinrauch v. Sherwin-Williams Co.,* N.D.Ohio No.1:18-cv-01696, 2019 WL 3007031, *14 (July 10, 2019)).

This Court should affirm the district court's granting of summary judgment in Appellees' favor.

## III.    Factual Background

As the district court appropriately stated, the background facts are largely undisputed.

### A.    Foundation's acquisition and operation of Motorcars' Toyota and Honda dealerships.

In 2018, Foundation Automotive Corp. ("FAC"), Foundation Auto Holdings, LLC ("FAH") (collectively, "Foundation") agreed in principle to purchase Motorcars Honda and Motorcars Toyota.[1] In anticipation of both Honda and Toyota approving Foundation's planned purchases, the

---

[1] Defendants Charles Gile and Trevor Gile (collectively, "the Giles") owned Motorcars Honda and Motorcars Toyota.

Giles and Foundation entered into a Management and Operations Agreement ("Management Agreement"). (Appellees' Motion for Summary Judgment (MSJ) R. 44, PageID 665; *see also* Management Agreement, R. 44-2). Pursuant to the Management Agreement, Foundation would operate the stores until Honda and Toyota approved the proposed sales. (*Id.*) Honda approved the Management Agreement and allowed Foundation to operate the Honda store. (*Id.*) Toyota did not approve the Management Agreement and, therefore, Foundation was not permitted to operate the Toyota store before the proposed transaction closed. (*Id.*)

Ultimately, Foundation only purchased the Motorcars Honda dealership, which closed in August 2019. The Toyota deal never closed. (Carl Dahlen Declaration, R. 44-11). Foundation subsequently sold the Honda store in October 2021. (*Id.*)

## B.   Foundation's recruitment and hiring of Banks.

In December 2018, Foundation began recruiting Banks to be an equity partner and the general manager of both stores. (MSJ Order, R. 56, PageID 921). On or about December 4, 2018, Foundation sent Banks the candidate packet for the partnership, which required the candidate to invest in and purchase 25% of the dealerships being acquired.

(Appellees' MSJ, R. 44, PageID 664). On December 14, 2018, Banks executed a dealer application with Toyota (part of the Manufacturer approval process), indicating his intention to own 25% of the dealership. (*Id.*) On December 28, 2018, Banks signed a Pay Plan with Foundation to become the general manager and managing partner of the Honda and Toyota stores Foundation was planning to purchase from Motorcars. (*Id.*, *see also*, Pay Plan, R. 44-1).

In January 2019, Banks moved from New York to Cleveland and began work on January 7, 2019. (MSJ Order, R. 56, PageID 922). At this time, Foundation had not yet acquired the two dealerships from Motorcars but was operating the Honda dealership under the Management Agreement with Defendants Charles and Trevor Gile. (*Id.*) And because only Honda had approved the Management Agreement, Banks could only work for the Honda store. (*Id.*) Notably, the Management Agreement explicitly provides that Foundation could only "employ personnel on an at-will basis." (Management Agreement, R. 44-2, PageID 692). So, Banks was an at-will employee during his entire tenure. (MSJ Order, R. 56, PageID 922-23).

C.    **Banks cannot complete the required equity investment and does not submit information required Honda and Toyota.**

After executing the Pay Plan, Banks indicated that did not have sufficient funds to make the required partnership investment and would have to obtain a loan. (*Id.*, PageID 921-22). However, Banks never even applied for a loan. (Appellees' MSJ, R. 44, PageID 672). On or about January 10, 2019, Banks advised Foundation that he was prepared to go forward with his equity investment. (*Id.*; *see also*, R. 44-10, PageID 719).[2] The following week, he recanted and advised that he did not have the personal funds to complete the required and agreed upon equity investment. (*Id.*; *see also*, R. 44-12, PageID 723-24).

Banks testified that as of January 17, 2019, a prospective lender he had inquired with was requiring additional documents from Foundation before "mov[ing] forward with my loan." (MSJ Order, R. 56, PageID 923; R. 43-2, PageID 598). Although Banks was "moving forward" with the loan application, Foundation learned that "any lender [Banks] was speaking to would require a pledge of 100% of the company's outstanding

---

[2] In an email January 10, 2019, Banks wrote: "I am ready to go with my investment when you guys are ready to go I will be ready to close on the partnership within 60 days." (R. 44-10, PageID 719).

shares [as loan collateral], not simply [Banks'] 25% interest." (*Id.*) This was an impossible requirement that Foundation could not fulfill. (R. 44-3, PageID 701).

Further, in addition to and separate from the loan application, the unrefuted record evidence shows that Banks was required by both Honda and Toyota to furnish Customer Satisfaction Index (CSI) data and "other performance indicators from dealerships he previously worked at," as a condition of the manufacturers' approval of a sale and of Banks becoming a 25 percent owner and general manager.[3] (*Id.*, PageID 700). The uncontested Rule 56 evidence is that Banks never provided this documentation.

### D.    Banks informs Foundation of his MS diagnosis, but never requests an accommodation.

In an email to Kutschinski and Kramer dated February 13, 2019, Banks first informed Foundation that he had MS. (MSJ Order, R. 56, PageID 945; Banks email 2/13/19, R. 44-8).[4] In the email Banks

---

[3] Automotive manufacturers, such as Toyota and Honda, require prospective general manager candidates to submit performance indicator data before a prospect can be approved as a general manager. (*Id.*)
[4] Banks did not tell anyone besides Kramer and Kutschinski that he had MS. (R. 56, PageID 945; R. 43-2, PageID 625).

affirmatively states that "very recently I was diagnosed with MS (does not [a]ffect work at all*)* though I have 0 symptoms and I look to be as healthy as I am now in 20 years." (*Id.*) Banks never told anyone that he was experiencing any symptoms from his MS.

Banks also never requested any accommodation for his MS. On January 16, 2019, almost a month before first revealing his MS diagnosis to Kutschinski and Kramer, Banks informed Kutchinski that he would be working the hours of 8:30 to 5:30 Monday through Friday, and Saturday until noon. (R. 44, PageID 667; R. 56, PageID 924). And Banks admits that neither Kutschinski nor anyone else objected to his request. (*Id.*) Banks alleges that he requested the revised working hours because he was experiencing fatigue, however, he admits that he doesn't think he ever told Foundation that he was dealing with fatigue. (*Id.*)

### E.    Foundation terminates Banks' employment.

On March 7, 2019, Foundation terminated Banks' employment. Kramer testified that he recommended Banks be terminated because "he was repeatedly insubordinate, he did not have the confidence of the staff, and he did not provide [the] documentation required by the factory in order to be General Manager." (R. 56, PageID 925; R. 44, PageID 702).

Banks was offered $30,000.00 severance pay, reflecting three months of base pay at $10,000.00, which he rejected. (R. 56, PageID 926).

On September 3, 2019, Banks filed with the Ohio Civil Rights Commission ("OCRC"). On February 13, 2020, the OCRC issued a Letter of Determination/Order ordering that the charge be dismissed based on a finding of no probable cause. (R. 44, PageID 666).

## SUMMARY OF THE ARGUMENT

As to Count IV of Banks' Amended Complaint, Ohio law requires that he demonstrate he is disabled in order to establish a *prima facie* case of disability discrimination. Banks cannot do so because he has presented no Rule 56 evidence that he had a mental or physical impairment that substantially limited at least one major life activity. In addition, even if he could establish that he was disabled, the evidence demonstrates that Appellees were not aware of the alleged disability and did not fail to reasonably accommodate the alleged disability. Further, the evidence demonstrates that Appellees' actions with respect to Banks' employment were undertaken for legitimate, nondiscriminatory reasons, and therefore the district court properly granted summary judgment as to the disability discrimination claims in Count IV.

11

As to Count V of Banks' Amended Complaint, Ohio law requires that he demonstrate he engaged in protected activity in order to establish a *prima facie* case of retaliation. Banks cannot do so because he has presented no Rule 56 evidence that he complained about or opposed any discriminatory practice during his employment. In addition, even if he could establish that he engaged in protected activity, the evidence demonstrates that Appellees' actions with respect to Banks' employment were undertaken for legitimate, nonretaliatory reasons, and therefore the district court properly granted summary judgment as to the retaliation claims in Count V.

As to Count VI of Banks' Amended Complaint, a claim of aiding and abetting discrimination necessarily fails when, as here, the underlying claims have no merit.

Accordingly, Appellees request that the Court affirm the lower court's summary judgment in their favor.

## ARGUMENT

### I.    Standard of Review

Courts of appeals review a district court's grant of summary judgment *de novo*. *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 837 (6th

Cir. 2013). Summary judgment is warranted where the record evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must show that there is no genuine issue of material fact, and the court must draw reasonable inferences in a light most favorable to the nonmovant. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001). Although, the movant bears the initial burden,

> the nonmoving party must then present significant probative evidence to do more than show that there is some metaphysical doubt as to the material facts to defeat the motion. The court may grant summary judgment if the nonmovant's evidence is insufficiently probative to create a genuine issue of fact. When the nonmovant does not effectively address the movant's assertion of a fact, the district court may "consider the fact undisputed for purposes of the motion.

*Ondo v. City of Cleveland*, 795 F.3d 597, 603 (6th Cir. 2015) (citations omitted). An appeals court will generally not consider facts not brought to the district court's attention when reviewing a decision *de novo*. *Chicago Title Ins. Corp. v. Magnunson*, 487 F.3d 985, 995 (6th Cir. 2007).

In addition, a self-serving declaration or affidavit is insufficient to avoid summary judgment. "Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and

13

without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party." *Bell v. Beightler*, 10th Dist. No. 02AP-569, 2003 Ohio 88, ¶ 33.

## II.   Disability Discrimination under Ohio Rev. Code § 4112.02

Banks claims that Appellees unlawfully discriminated against him by failing to accommodate a disability and terminating his employment because of a disability.

### A.   Disability Discrimination Failure to Accommodate

To establish a disability discrimination claim based on an employer's failure to accommodate, a plaintiff must establish that (1) he has a disability; (2) he is otherwise qualified for his position, with or without reasonable accommodation; (3) his employer knew or had reason to know of his disability; (4) he requested an accommodation; and (5) his

14

employer failed to provide the necessary accommodation. *McDonald v. UAW-GM Ctr. for Human Res.*, 738 F. App'x 848, 853 (6th Cir. 2018).[5]

### 1. Banks' *prima facie* case of disability discrimination based on failure to accommodate fails because he cannot establish that he has a disability.

Under Ohio law, disability is defined as a "physical or mental impairment that substantially limits one or more major life activities." Ohio Rev. Code § 4112.01(A)(13). The existence of an impairment by itself is not sufficient to establish a disability, if it does not substantially limit at least one major life activity. For example, in *Barreca v. Travco Behavioral Health, Inc.*, the plaintiff "admitted that multiple sclerosis had no substantial affect upon her ability to walk, see, or drive a motor vehicle," and her health care provider also stated that MS did not create any limitations on her. 11th Dist. No. 2013-T-0116, 2014-Ohio-3280, ¶ 25. The court went on to explain that,

> Under such circumstances, appellant was obligated to submit conflicting evidentiary materials on the point. When she failed to do so, the lack of a factual dispute meant that appellee could not satisfy the statutory definition for a

---

[5] Disability discrimination claims under Ohio Rev. Code § 4112.02 are subject to the same evidentiary standards as those under the Americans with Disabilities Act. *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 418 (6th Cir. 2004).

"disability" under R.C. 4112.01(A)(13); i.e., since appellant can still perform all major activities despite having multiple sclerosis, she is not disabled.

*Id.* at ¶ 27.

Here, in a misguided attempt to create an issue of fact as to disability, Banks relies primarily on the following assertions: (1) multiple sclerosis is listed as a "physical impairment" in Ohio Rev. Code § 4112.01(A)(16)(a)(iii); (2) the ADAAA broadened the definition of disability; and (3) ameliorative effects of medication should not be taken into account when determining if there is a disability. (Appellant's Brief at 14.) However, none of these assertions overcome the key deficiency in his argument, specifically, that he presented **no** Rule 56 evidence demonstrating that the alleged impairment of multiple sclerosis *substantially limited a major life activity*.

Indeed, in a case involving a plaintiff with multiple sclerosis, the Ohio Eighth District Court of Appeals stated that a "physical impairment, standing alone, does not necessarily constitute a disability . . . . In fact, a physical impairment may affect an individual's life without becoming disabling." *Fitzmaurice v. Great Lakes Computer Corp.*, 155 Ohio App.3d 724, 2004-Ohio-235, 803 N.E.2d 854, ¶ 12 (8th Dist.)

(citations omitted). The court found the plaintiff failed to create an issue of fact as to disability because she "testified that despite her multiple sclerosis, she is able to function normally" and "can take care of herself and perform all of the functions of her former job." *Id.* at ¶ 18.

Banks also relies heavily on two specific cases to establish that he was disabled. (*See* Appellant's Brief at 15–16.) Both cases are distinguishable for the reasons set forth below. In *Hood v. Diamond Prods.* 658 N.E.2d 738, 743 (Ohio 1996), the Ohio Supreme Court reversed summary judgment for an employer with respect to a disability discrimination claim as to the issue of disability. The Rule 56 evidence in *Hood* supported "a finding that appellant's ailment was an abnormal, diagnosable, long-term condition, and that her condition caused functional limitations resulting in significantly increased hardship and vulnerability to everyday obstacles and hazards." *Id.* The plaintiff's testimony was "that she had been diagnosed with bladder cancer . . . and that she had, by necessity, undergone numerous chemotherapy treatments over an extended period of time." *Id.* Further, she testified that "her illness had required hospitalization and that the treatments

17

she received in attempting to combat the disease adversely affected her everyday living and working environment." *Id.*

In *McGriff v. Beavercreek City Sch. Dist.*, No. 3:18-cv-372, 2021 U.S. Dist. LEXIS 109334, at *26-27 (S.D. Ohio June 10, 2021) a district court denied summary judgment to an employer with respect to a disability discrimination claim, finding that there was a genuine issue of material fact as to disability. The court found that the plaintiff was "not required to present expert testimony diagnosing her fibromyalgia" in order to establish a *prima facie* case of disability discrimination. *Id.* (citing *Morrissey v. Laurel Health Care Co.*, 946 F.3d 292, 300 (6th Cir. 2019)). Rather, the plaintiff needed to demonstrate that her impairment *substantially limited one or more major life activities*, and she created an issue of fact through her testimony that fibromyalgia rendered her unable to exercise, participate in her favorite hobbies, and created difficulty sleeping and concentrating, which resulted in fatigue and anxiety. *Id.* In addition, her impairment required her to rest during the work day, affected her nerve endings and ability to withstand extreme heat and cold, and caused sciatica. *Id.*

18

The *Hood* and *McGriff* decisions are distinguishable from Banks' case because in both instances there was Rule 56 evidence supporting that the plaintiff had an impairment that *substantially limited major life activities*, and thereby created an issue of fact precluding summary judgment. There is no such evidence here. Although Banks attempted to create an issue of fact with his self-serving declaration submitted in opposition to summary judgment, that contradicted his own testimony, the district court rightly explained that "there is no Rule 56 evidence in this Declaration to establish that any purported effects from MS were present during the relevant time nor that the listed effects were substantial." (MSJ Order R. 56, PageID 945). Indeed, in contrast to the circumstances underlying the *Hood* and *McGriff* decisions, Banks testified that he told Foundation that he had no symptoms and that MS did not affect his work at all. (MSJ Order, R. 56, PageID 945; Banks email 2/13/19, R. 44-8).

Accordingly, because Banks cannot establish a genuine issue of material fact regarding whether he was disabled, the district court properly granted summary judgment as to his claim of disability discrimination for failure to accommodate.

19

**2. Banks' *prima facie* case of disability discrimination based on failure to accommodate fails because he cannot establish that Appellees knew or had reason to know of his disability.**

Even if Banks could demonstrate that he was disabled, his *prima facie* case of disability discrimination for failure to accommodate nevertheless fails because Appellees did not know or have reason to know of such alleged disability. Banks first informed Foundation that he had MS on February 13, 2019, but also stated that he had **zero** symptoms and it had no effect on his work at all. (*Id.*) There is no evidence that Banks informed any of the Appellees that he experienced any symptoms or substantial limitations due to his impairment. As stated above, a diagnosis of a physical impairment standing alone does not constitute a disability in the absence of any substantial limitation of a major life activity. Thus, Appellees had no reason to know of Banks' alleged disability because he affirmatively communicated to them that he had no limitations due to MS.

Again, Banks attempted to create an issue of fact by way of his declaration submitted in opposition to the motion for summary judgment, but the declaration directly contradicts his prior testimony that (1) he never mentioned MS in connection with fatigue, and (2) he requested the

20

schedule accommodation nearly a month before informing Foundation about his MS. (R. 44, PageID 667; R. 56, PageID 924). His self-serving and contradictory declaration should not be permitted to create an issue of fact on this point. *Penny v. UPS*, 128 F.3d 408, 415 (6th Cir. 1997) ("[A] party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony."); *Salekin v. McDonough*, No. 3:21-cv-00107, 2023 U.S. Dist. LEXIS 151121, at *5 (M.D. Tenn. Aug. 28, 2023).

### 3. Banks' *prima facie* case of disability discrimination based on failure to accommodate fails because he did not request an accommodation.

Even if Banks could demonstrate that he was disabled and Appellees were aware of such disability, his *prima facie* case of disability discrimination for failure to accommodate nevertheless fails because he did not request an accommodation. Although Banks arguably requested a modified work schedule, he did so nearly a month before informing Foundation of his MS diagnosis. (R. 44, PageID 667; R. 56, PageID 924). A purported request for accommodation that precedes any disclosure of a disability is not a request to accommodate a disability. *See Maira v. Sti-*

21

*Co Industries*, W.D.N.Y. No. 1-20-cv-00447, 2021 U.S. Dist. LEXIS 36001, at *21-22 (Feb. 24, 2021). Further, Banks has presented no evidence demonstrating that the request for a modified schedule was necessitated by MS. Thus, his request should not be characterized as a request for accommodation of a disability based on its timing and substance.

### 4. Banks' *prima facie* case of disability discrimination based on failure to accommodate fails because Foundation granted his request for a modified schedule.

Even if Banks could demonstrate that he was disabled and requested an accommodation, his *prima facie* case of disability discrimination for failure to accommodate nevertheless fails because Foundation granted his request for a modified schedule. Banks admits that Appellees fully granted the request for a modified schedule and that he did not request any other accommodations. (R. 56, PageID 924, R. 43-1, PageID 378-380).

For all the reasons set forth in this section, Banks' *prima facie* case of disability discrimination for failure to accommodate fails. There is no genuine issue of material fact as to Banks' claim of disability discrimination for failure to accommodate, and the district court properly granted summary judgment.

## B.    Disability Discrimination Wrongful Termination of Employment

To establish a prima facie case of disability discrimination based on alleged adverse employment action, such as wrongful termination of employment, a plaintiff must demonstrate that (1) he has a disability; (2) he is otherwise qualified for his position, with or without reasonable accommodation; (3) he experienced an adverse employment action; (4) his employer knew or had reason to know of his disability; and (5) he received different treatment than similarly-situated employees outside of the protected class for the same or similar conduct or was replaced by someone outside of the protected class. *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011).

If a plaintiff establishes a prima facie case, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its actions. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). This is not a burden of proof, but a burden of production—the defendant need not prove that the articulated reason was reasonable or justified; rather it must simply state the reason. *Id.* If the defendant does so, the burden of proof then shifts back to the plaintiff to show that the proffered nondiscriminatory reason was not the true reason and was instead a

23

pretext for unlawful discrimination. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

### 1. Banks' prima facie case of adverse action disability discrimination fails because he cannot establish that he has a disability.

For the reasons set forth above in Section II(A)(1), Banks is unable to establish a genuine issue of material fact regarding whether he was disabled, and the district court properly granted summary judgment as to his claim of disability discrimination based on wrongful termination of employment.

### 2. Banks' *prima facie* case of adverse action disability discrimination fails because he cannot establish that Appellees knew or had reason to know of his disability

For the reasons set forth above in Section II(A)(2), even if Banks could demonstrate that he is disabled, his *prima facie* case of adverse action disability discrimination fails because Appellees did not know or have reason to know of such alleged disability.

### 3. Appellees have legitimate, nondiscriminatory reasons for the termination of Banks' employment.

Even if Banks could establish a *prima facie* case of adverse action disability discrimination, summary judgment would nevertheless be

24

warranted because Appellees have legitimate, nondiscriminatory reasons for the termination of his employment. In particular, Banks' employment was terminated because (1) he was unable to invest the 25% ownership interest in the dealership; (2) he threatened staff members; and (3) he was insubordinate. (R. 56, PageID 925-26). Banks has provided no evidence that these reasons are false and a pretext for disability discrimination. Thus, there is no genuine issue of material fact as to Appellees' legitimate, nondiscriminatory reasons for terminating Banks' employment, and summary judgment was properly granted by the district court.

## III.   Retaliation under Ohio Rev. Code § 4112.02

As an initial note, Banks wrongly asserts that the district court "did not address this claim in its Memorandum and Opinion." (Appellant's Brief at 18). The district court discussed the parties' positions regarding the retaliation claim at multiple points in its Opinion and clearly stated that it was granting summary judgment as to the retaliation claim (Count Five). (R. 56, PageID 928, 929, 943, and 947).

In order to establish a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) he engaged in a protected activity; (2) the

defendant was aware of such protected activity; (3) thereafter, the defendant took an action that was materially adverse to him; and (4) there was a causal connection between the protected activity and the materially adverse action. *Hubbell v. FedEx SmartPost, Inc.*, 933 F.3d 558, 568 (6th Cir. 2019).

If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant "to proffer some legitimate, nonretaliatory reasons for its actions." *Id.* This is not a burden of proof, but a burden of production— the defendant need not prove that the articulated reason was reasonable or justified; rather it must simply state the reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). If the defendant does so, the burden of proof then shifts back to the plaintiff to show that the proffered nonretaliatory reason was not the true reason and was instead a pretext for unlawful retaliation. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

> **A.  Banks' *prima facie* case of retaliation fails because he cannot establish that he engaged in protected activity**

Here, Banks is unable to establish a *prima facie* case of retaliation because he did not engage in any protected activity. Protected activity

includes participating in an equal employment process by opposing or protesting discrimination in some manner. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 339 (1997) (Title VII makes it unlawful "for an employer to discriminate against his employees or applicants for employment who have availed themselves of Title VII's protections or assisted others in so doing."). In addition, Ohio courts have held that requesting a reasonable accommodation does not constitute a protected activity under Ohio Rev. Code § 4112.02(I). *Hall v. Crawford Cty. Job & Family Servs.*, 2022-Ohio-1358, ¶ 35, 188 N.E.3d 1138, 1150 (3d Dist. Ct. App.)

Banks vaguely asserts that he engaged in protected activity because he "express[ed] concerns that he was having with his employment, including his medical prognosis." (*See* Appellant's Brief at 20). However, merely expressing a broad and undefined concern about employment does not constitute protected activity under the Ohio Civil Rights Act, because it bears no relation to opposing or complaining about disability discrimination or otherwise participating in an equal employment process. Thus, Banks failed to present evidence that he engaged in protected activity, and there is no genuine issue of material

27

fact as to this element and summary judgment in favor of Appellees is proper.

### B. Appellees have legitimate, nonretaliatory reasons for the termination of Banks' employment

For the same reasons set forth above in Section II(B)(3), even if Banks could establish a *prima facie* case of retaliation, summary judgment would nevertheless be warranted because Appellees have legitimate, nonretaliatory reasons for the termination of his employment. Banks' employment was terminated because (1) he was unable to invest the 25% ownership interest in the dealership; (2) he threatened staff members; and (3) he was insubordinate. (R. 56, PageID 925-26). Banks has provided no evidence that these reasons are false and a pretext for retaliation. Thus, there is no genuine issue of material fact as to Appellees' legitimate, nonretaliatory reasons for terminating Banks' employment, and summary judgment was properly granted by the district court.

### IV. Aiding and Abetting Disability Discrimination under Ohio Rev. Code § 4112.02(J)

As an initial note, Banks again wrongly asserts that the district court "failed to address this claim in its Memorandum and Opinion."

(Appellant's Brief at 24.) The district court discussed the parties' positions regarding the aiding and abetting claim at multiple points in its Opinion and clearly stated that it was granting summary judgment as to the aiding and abetting claim (Count Six). (R. 56, PageID 929, 943, and 947).

Banks' aiding and abetting claim is entirely predicated on his allegations of disability discrimination. As set forth above, the district court properly granted summary judgment as to Banks' disability discrimination claims. If Banks cannot establish any underlying discrimination or predicate for the aiding and abetting claim, it must also fail for the same reasons as the disability discrimination claims. *Woolf v. City of Streetsboro*, No. 5:09 CV 1570, 2010 U.S. Dist. LEXIS 110446, at *47 (N.D. Ohio Oct. 18, 2010) ("As plaintiff has not established the elements of her sexual discrimination and sexual harassment claims, her claim for aiding and abetting sexual harassment under Ohio law also fails."). Thus, there is no genuine issue of material fact as to the aiding and abetting claim, and summary judgment was properly granted by the district court.

## CONCLUSION

The district court properly granted summary judgment in favor of Defendants-Appellees Foundation Automotive Corp.; Foundation Auto Holdings, LLC; Kevin Kutschinski; Chuck Kramer; MotorCars Honda; Charles Gile; and Trevor Gile. Thus, Defendants-Appellees respectfully request that the order and judgement of the district court be affirmed in all respects.

Respectfully submitted.

*/s/Matthew C. Miller*
Matthew C. Miller (0084977)
Robert A. Poklar (0015685)
**WESTON HURD LLP**
1300 East 9th Street, Suite 1400
Cleveland, OH 44114-1862
(216) 241-6602 / (216) 621-8369 (fax)
Email:    mmiller@westonhurd.com
           rpoklar@westonhurd.com
*Counsel for Defendants-Appellees*

30

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,602 words.

In addition, this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface in 14 point Century Schoolbook font.

*/s/Matthew C. Miller*
*One of the Attorneys for Appellees*

31

# ADDENDUM
## DESIGNATION OF RELEVANT LOWER COURT DOCUMENTS

| Record Entry | Description of Document | PageID Range |
|---|---|---|
| 9 | First Amended Complaint | 88-90 |
| 43-1 | Banks Deposition Transcript Vol. 1 | 378-380 |
| 43-2 | Banks Deposition Transcript Vol. 2 | 598, 625 |
| 44 | Defendants' Motion for Summary Judgment | 664-672, 702 |
| 44-1 | Pay Plan | 684 |
| 44-2 | Management Agreement | 690-698 |
| 44-3 | Chuck Kramer Affidavit | 700-701 |
| 44-8 | Banks' 2/13/19 Email | 711 |
| 44-10 | Banks' 1/10/19 Email | 719 |
| 44-11 | Carl Dahlen Declaration | 721 |
| 44-12 | Banks Emails | 723-724 |
| 56 | Opinion and Order Granting Defendants' Motion for Summary Judgment | 921-947 |
| 57 | Judgment Entry | 949 |
| 60 | Notice of Appeal | 952 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of September, 2024, a copy of the foregoing *Brief of Appellees* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Matthew C. Miller*
*One of the Attorneys for Appellees*

33